REDMANN, Judge.
In dismissing both petition for liquidated damages and reconvention for breach of contract, the trial court presumably accepted defendant’s evidence that plaintiff’s burglar-protection services became so inadequate that defendant suffered the damage of having to station an employee in the building to protect it. This evidence justified both refusal of liquidated damages and —on a theory of extinction by judicial compensation by defendant’s damage claim [1] — refusal of the perhaps $60 more *911 that plaintiff might otherwise have claimed as a pro-rata payment for the period of relatively acceptable service.
Plaintiff alone appealed. The judgment dismissing the petition is reasonably supported by the evidence.
Affirmed.

. See Aubry & Rau, Obligations (La.Law Inst, trans.) § 325: “The judicial compensation may arise from a reconventional demand made by the party whose credit does not yet meet all the requisite conditions for a legal compensation.” See also La.C.C. art. 2208.